**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**KENNETH JOHN MATTINGLY**                                                              **PLAINTIFF**

v.                                                        **CIVIL ACTION NO: 3:06-CV-P284-S**

**TOMMY ROSELLE et al.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, Kenneth John Mattingly, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

The plaintiff currently is incarcerated at the Green River Correctional Complex. He names as defendants Tommy Roselle and Kevin Cox, both Deputy Sheriffs in Bardstown, Kentucky; Dixie Hibbs, Mayor of Bardstown, Kentucky; and Dorcas Figg, Jailer at the Nelson County Jail in Bardstown, Kentucky. He sues each defendant in his or her official capacity.

According to the plaintiff, the an employee of the Sheriff's Department arrested him on July 18, 2005, and placed him in a police cruiser for transport to the Nelson County Jail. The plaintiff states that, while in a cruiser, he was able to reposition his handcuffed hands from behind his back to in front of him. The plaintiff alleges that when Deputy Sheriff Cox noticed that he had repositioned his hands, Deputy Sheriff Cox stopped the police cruiser, placed restraints on each of the plaintiff's legs, and then "hog-tied" the plaintiff by placing another set of handcuffs on his arms. The plaintiff further alleges that, at the Nelson County Jail, Deputy Sheriff Cox dragged him still bound "in a hog-tie[d] manner" over blacktop approximately 25

feet, causing him severe injuries to his hip and back areas.

The plaintiff alleges that he requested medical attention once at the Nelson County Jail but was denied medical treatment. He alleges that Deputy Sheriff Roselle was the arresting officer and that Mayor Hibbs was the supervisor and therefore responsible for protecting the plaintiff's constitutional rights. Finally, he alleges that Jailer Figg was the guardian of his constitutional rights once he was lodged at the Nelson County Jail. The plaintiff requests money damages and punitive damages in the amount of $250,000 each.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

The plaintiff sues each of the defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the plaintiff's claims against each of the defendants in their official capacities are actually brought against the City of Bardstown and the Nelson County governments. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Because the plaintiff has sued each of the defendants in their official, not individual, capacity, but has not alleged that the defendants acted pursuant to a policy, the plaintiff's complaint must be dismissed for failure to state a claim

upon which relief may be granted. *See* § 1915A(b)(1).

The Court will enter an order consistent with this memorandum opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Nelson County Attorney
4411.009